COOLEY LLP
Randall R. Lee (CA Bar #152672)
randall.lee@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Tel. (310) 883-6485
Fax. (310) 883-6500

Philip M. Bowman, *pro hac vice*
pbowman@cooley.com
Nicholas A. Flath, *pro hac vice*
nflath@cooley.com
55 Hudson Yards
New York, NY 10001
Tel. (212) 479-6000
Fax. (212) 479-6275

Counsel for Plaintiff Thrasio, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRASIO, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>BOOSTED COMMERCE, INC.,<br>BOOSTED ECOMMERCE, INC., and<br>CHARLES CHANARATSOPON,<br><br>                    Defendants. | Case No. 2:21-CV-1337 (CBM) (SK)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date: July 13, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8B, 8th Floor<br>Judge: Hon. Consuelo B. Marshall<br><br>Action Filed: February 21, 2021<br>Trial Date: None set |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................ 1

BACKGROUND ................................................................................... 2

ARGUMENT ........................................................................................ 3

I.  ALL FOUR DISCRETIONARY FACTORS WEIGH IN THRASIO'S FAVOR ........................................................................................ 3

    A.  Defendants' Appeal Is Not Likely To Succeed ..................... 3

    B.  Defendants Will Not Suffer Irreparable Harm ..................... 7

    C.  Thrasio Will Suffer If This Litigation Is Stayed ................... 8

    D.  The Public Interest Does Not Favor Defendants .................. 9

II.  DEFENDANTS' UNFILED RULE 11 MOTION DOES NOT WARRANT A STAY ................................................................ 10

CONCLUSION ................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ali v. JPMorgan Chase Bank*,
   2014 WL 12691084 (N.D. Cal. Mar. 10, 2014) ..................................................... 8

*Bradberry v. T-Mobile USA, Inc.*,
   2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) ..................................................... 7, 9

*Britton v. Co-op Banking Group*,
   916 F.2d 1405 (9th Cir. 1990) ..................................................... 3

*Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc.*,
   2018 WL 2558385 (C.D. Cal. Feb. 12, 2018) ..................................................... 11

*Cesca Therapeutics Inc. v. SynGen Inc.*,
   2017 WL 1174062 (E.D. Cal. Mar. 30, 2017) ..................................................... 9

*DeFrees v. Kirkland*,
   2012 WL 12885114 (C.D. Cal. July 20, 2012),
   *aff'd in part and remanded in part on other grounds*,
   579 F. App'x 538 (9th Cir. 2014) ..................................................... 7

*E.E.O.C. v. Waffle House, Inc.*,
   534 U.S. 279 (2002) ..................................................... 9

*Eberle v. Smith*,
   2008 WL 238450 (S.D. Cal. Jan. 29, 2008) ..................................................... 8

*Ferguson v. Corinthian Colleges*,
   2012 WL 27622 (C.D. Cal. Jan. 5, 2012) ..................................................... 9, 10

*Gen. Elec. Co. v. Liang*,
   2014 WL 1089264 (C.D. Cal. Mar. 19, 2014) ..................................................... 9

*Glob. Live Events v. Ja-Tail Enterprises, LLC*,
   2014 WL 1830998 (C.D. Cal. May 8, 2014) ..................................................... 3, 5

*Guifu Li v. A Perfect Franchise, Inc.*,
   2011 WL 2293221 (N.D. Cal. June 8, 2011) ..................................................... 4

*Hansen v. Rock Holdings, Inc.*,
   2020 WL 3867652 (E.D. Cal. Jul. 9, 2020) ..................................................... 7

# TABLE OF CONTENTS
(continued)

Page(s)

*Jones v. Deutsche Bank AG,*
  2007 WL 1456041 (N.D. Cal. May 17, 2007) .................................................. 5, 6

*Jones v. Jacobson,*
  195 Cal. App. 4th 1 (2011), *as modified* (June 1, 2011) ...................................... 9

*Legacy Wireless Servs., Inc. v. Human Capital, LLC,*
  314 F. Supp. 2d 1045 (D. Or. 2004) ..................................................................... 6

*Morse v. Servicemaster Glob. Holdings, Inc.,*
  2013 WL 123610 (N.D. Cal. Jan. 8, 2013) ........................................... 4, 5, 7, 8

*Mount Graham Coal. v. Thomas,*
  89 F.3d 554 (9th Cir. 1996), *as amended* (July 23, 1996) ................................. 8

*Murphy v. DirecTV, Inc.,*
  2008 WL 8608808 (C.D. Cal. Jul. 1, 2008) ........................................................ 8

*Murphy v. DirecTV, Inc.,*
  724 F.3d 1218 (9th Cir. 2013) ............................................................................. 6

*Nextdoor.com, Inc. v. Abhyanker,*
  2014 WL 1648473 (N.D. Cal. Apr. 23, 2014) ................................................... 11

*Nken v. Holder,*
  556 U.S. 418 (2009) ............................................................................................ 3

*Roe v. SFBSC Mgmt., LLC,*
  2015 WL 1798926 (N.D. Cal. Apr. 17, 2015) ..................................................... 8

*Stern v. Cingular Wireless Corp.,*
  2006 WL 2790243 (C.D. Cal. Sept. 11, 2006) .................................................... 8

*Stiner v. Brookdale Senior Living, Inc.,*
  383 F. Supp. 3d 949 (N.D. Cal. 2019) ................................................................ 4

*Toshiba Tec Corp. v. Katun Corp.,*
  2016 WL 9137646 (C.D. Cal. Sept. 21, 2016) ............................................. 9, 10

*Vasquez v. Libre by Nexus, Inc.,*
  2018 WL 9868570 (N.D. Cal. Nov. 20, 2018) ................................................ 4, 8

COOLEY LLP
ATTORNEYS AT LAW
BOSTON

iii

OPPOSITION TO DEFENDANTS' MOTION TO
STAY PENDING APPEAL

# TABLE OF CONTENTS
(continued)

**Page(s)**

*Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*,
  2015 WL 5680317 (C.D. Cal. Sept. 25, 2015)......................................................7

*Whole Body Research, LLC v. Digest MD, LLC*,
  2018 WL 3830902 (C.D. Cal. July 3, 2018) ........................................................5

*World Grp. Secs., Inc. v. Allen*,
  2007 WL 4168572 (D. Ariz. Nov. 20, 2007) .......................................................6

*Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*,
  281 F. Supp. 3d 1021 (S.D. Cal. 2017) .............................................................10

*Zaborowski v. MHN Gov't Servs., Inc.*,
  2013 WL 1832638 (N.D. Cal. May 1, 2013) ...........................................3, 4, 7, 8

**Other Authorities**

Fed. R. Civ. P.
  Rule 1 ...............................................................................................................10
  Rule 11 .............................................................................................................10
  Rule 12(a)(4)(A) ...............................................................................................11

## PRELIMINARY STATEMENT

A stay is not warranted.  Defendants rightfully acknowledge that a stay pending appeal of a denial of a motion to compel arbitration is not automatic in the Ninth Circuit, and requires an analysis of the four traditional injunctive relief factors. Here, each of these factors weighs against a stay.

First, Defendants' appeal does not have a "strong likelihood of success on the merits," because Defendants do not raise a "serious legal question" for appellate review.  Defendants' motion to compel arbitration was based on the strained argument that they could invoke an arbitration clause in a contract to which Thrasio undisputedly was not a party simply because the complaint referenced that contract. This is not a close question or an issue of first impression, there is no split between courts, and no constitutional or other serious legal questions are raised.  The Defendants simply are unhappy with the way the Court applied well-established legal principles.  That is not a reason to stay proceedings.

Second, proceeding with discovery in this matter will not irreparably harm Defendants because they are not entitled to arbitrate their claims, and thus incurring the expense associated with pre-trial litigation is not a harm that they are entitled to avoid.

Though the Court need not address the third or fourth discretionary factors given Defendants' failure to satisfy the first two, these factors also lean in Thrasio's favor.  Courts have recognized that delays in resolving claims result in harm to plaintiffs, and the baseline policy favoring arbitration has no application to non-parties to an arbitration agreement.

Defendants' novel alternative argument—that the Court should stay this matter pending resolution of their as-yet unfiled sanctions motion—lacks any legal support. Defendants' proposed motion is utterly baseless, and filing it would be improper. Defendants do not and cannot dispute that Chanaratsopon downloaded Thrasio's confidential information and founded a competing company that copies it.  Those

facts are more than sufficient to justify the filing of these claims.    The question whether the information that Defendants misappropriated was protected by trade secret law, or not, is one of the ultimate issues to be tried in this case.  Defendants cannot avoid litigation by simply denying that they are liable.

## BACKGROUND

The relevant factual background is described in detail in Thrasio's Opposition to Boosted Commerce's ("Boosted") Motion to Compel Arbitration.  [ECF 31.]  In sum, Thrasio maintains two confidential processes, the Standard Diligence Process and Standard Integration Processes, used in acquiring and growing Amazon third-party sellers.  [Compl. ¶¶ 3-5, 45-46.]    Defendant Charles Chanaratsopon gained access to the Processes through his investments in special-purpose vehicles managed by Upper90, a venture capital firm.  [Compl. ¶¶ 52, 56.]   He acknowledged his obligation to keep Thrasio's information confidential on numerous occasions. [Compl. ¶¶ 54-61.]  Chanaratsopon bulk-downloaded the documents comprising the Processes on numerous occasions, founding Boosted—a direct Thrasio competitor—in December 2019.  [Compl. ¶¶ 62-69.]

On February 21, 2021, Thrasio filed a complaint against Chanaratsopon, and a complaint against Boosted and Boosted Ecommerce, Inc., each alleging misappropriation of trade secrets and confidential information and unfair trade practices by the respective defendants.[1]  [ECF 1.]  On March 29, 2021, Defendants filed motions to compel arbitration in both Actions.  [ECF 27.]  On May 18, 2021, the Court indicated at oral argument that it was denying the motions to compel arbitration, which was confirmed in a minute order the same day.  [ECF 38.]  On May 26, 2021, the Court issued its written order denying the motion.  [ECF 39.]  As of

---

[1] Thrasio initially sued Chanaratsopon in the Southern District of Texas and sued Boosted in this district.  When Chanaratsopon confirmed that he was amenable to jurisdiction in California, the parties consented to transfer the Texas Action to this district and consolidate it with the Boosted action.  [ECF 35.]

yet, the Defendants have not answered the Complaint, and have refused to participate in a Rule 26(f) conference to discuss the scope of discovery.

Defendants filed a notice of appeal of the denial of the motions to compel arbitration on June 10, 2021.  [ECF 41-42.]  Defendants filed the present motion to stay the next day.  [ECF 43.]

## ARGUMENT

### I.      All Four Discretionary Factors Weigh in Thrasio's Favor

A stay pending appeal from the denial of a motion to compel arbitration is not automatic.  [ECF 43 ("Mem.") at 3 (citing *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990)).]  In considering whether to grant such a stay, courts analyze:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Glob. Live Events v. Ja-Tail Enters., LLC*, 2014 WL 1830998, at *7 (C.D. Cal. May 8, 2014) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The first two factors—the likelihood of success on the merits and risk of irreparable harm—"are the most critical." *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

### A.      Defendants' Appeal Is Not Likely To Succeed

To warrant a stay, Defendants must "at minimum show that [their] appeal presents 'a substantial case on the merits." *Zaborowski v. MHN Gov't Servs., Inc.*, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)); *see also Glob. Live Events*, 2014 WL 1830998, at *7 ("[A]t a minimum, a [stay applicant] must show that there is a substantial case for relief on the merits").  In assessing whether this factor supports a stay, Courts consider whether the appeal raises "serious legal questions." *Zaborowski*, 2013 WL

1832638, at *2.  Serious legal questions include those affecting constitutionality, matters of genuine first impression, or some other pressing legal issue.  *See Vasquez v. Libre by Nexus, Inc.*, 2018 WL 9868570, at *2 (N.D. Cal. Nov. 20, 2018) ("In the Ninth Circuit, a serious legal question often concerns constitutionality."); *Morse v. Servicemaster Glob. Holdings, Inc.*, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) (explaining a "substantial case on the merits" typically involve "genuine matters of first impression" or "address a pressing legal issue").  By contrast, appeals which merely challenge a district court's application of settled legal standards do not raise serious legal questions.  *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 954 (N.D. Cal. 2019) (no serious legal question whether agent's conduct bound principal to arbitration agreement, where court held based on "well-settled contract and agency principles").

Here, Defendants do not identify such a legal question, and instead merely rehash their prior arguments about the application of the equitable estoppel doctrine and hoping that the Ninth Circuit will view the case differently than this Court did, on *de novo* review.  [*See* Mem. at 4-5.]  That effort is not likely to succeed: Thrasio is not a party to the contract containing the arbitration clause (the "Operating Agreement"), and this Court correctly recognized that equitable estoppel does not apply because Thrasio never "knowingly exploited" the Operating Agreement.  [ECF 39, at 6].  Indeed, if necessary, Thrasio could prove that Chanaratsopon knew his conduct was wrongful without referring to the Operating Agreement at all: Thrasio alleges "thirteen occasions where Defendant Chanaratsopon accessed the dataroom, and in doing so, clicked to acknowledge a message to users which indicated" that the information in the Dataroom was strictly confidential—none of which involve an arbitration clause.  [ECF 39, at 6 (citing Compl. ¶ 61).]

Where, as here, the appellants merely challenge the application of settled law, Courts routinely deny stays.  *See, e.g., Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (appellant argued only that the court

misapplied the test, not that it applied the wrong test); *Morse*, 2013 WL 123610, at *3 (appeal challenged only application of basic contract-law principles); *Glob. Live Events*, 2014 WL 1830998, at *7 (appellant challenged ruling based on simple contract interpretation).

As supposed evidence of a legal question, Defendants point to this Court's note that it found *Whole Body Research, LLC v. Digest MD, LLC*, 2018 WL 3830902 (C.D. Cal. July 3, 2018) unpersuasive. (Mem. at 5.)  But *Whole Body Research* does not represent an alternate legal standard for the doctrine of equitable estoppel, but rather only application of the settled legal standard to a different set of facts.  The persuasiveness (or not) of *Whole Body Research* to the facts here is thus not a constitutional issue, question of first impression, or other pressing *legal* question. Even if it were persuasive, *Whole Body Research* is just as likely to support affirmance: the *Whole Body Research* court rejected arbitration of the plaintiff's intellectual property claims, recognizing that the fact that a contract "may be relevant" to a claim is not a sufficient basis to apply equitable estoppel.  *Id.* at *6.[2] That same rationale would apply here.

In a similar vein, Defendants cite *Jones v. Deutsche Bank AG*, 2007 WL 1456041 (N.D. Cal. May 17, 2007), where the Court found that a substantial legal question existed relating to equitable estoppel, justifying a stay.  *Id.* at *1.  But the question presented in that case was very narrow and does not apply here.  *Jones* concerned a tax shelter promotion scheme; the plaintiff (a signatory) contended that defendant bank (a non-signatory) "acted in concert" with signatories in promoting the scheme.  *Id.*  Defendants marshalled several cases in which similar tax shelter cases had been deemed arbitrable, and several others in which they had not,

---

[2] Though the court in *Whole Body Research* did apply equitable estoppel to the non-signatory's CFAA claim, that claim "require[d] an analysis of the scope of the authorization … under the Agreement."  2018 WL 383092, at *8.  That reasoning is irrelevant here, where Thrasio's claims exist independently of the Operating Agreement and there are more than a dozen other examples of Chanaratsopon acknowledging his obligation to keep Thrasio's trade secrets confidential.

suggesting that courts were truly split on the breadth of the equitable estoppel doctrine in that context.  *Id.* at *2.  Here, by contrast, Defendants' position is unsupported by *any* decisions; courts are not split at all concerning application of equitable estoppel in this context.

Defendants also assert Thrasio received a "direct benefit" substantial enough to warrant equitable estoppel.  [Mem. at 6 (citing *Legacy Wireless Servs., Inc. v. Human Capital, LLC*, 314 F. Supp. 2d 1045 (D. Or. 2004), and *World Grp. Secs., Inc. v. Allen*, 2007 WL 4168572 (D. Ariz. Nov. 20, 2007)).]  This argument again disputes only the application of a settled legal test and does not raise a serious legal question.  Regardless, the cases cited by Defendants are inapplicable. In both, the non-signatory plaintiffs were the ultimate recipients of fees calculated by, and specified in, the contracts containing the arbitration clauses.  *See Legacy Wireless Servs., Inc.*, 314 F. Supp. 2d at 1057 (non-signatory received half the fees specified in the contract and "also allegedly played an important role in the consummation of the agreement and in assisting [the signatory in] fulfilling its contractual obligations"); *World Grp. Secs., Inc.*, 2007 WL 4168572, at *4 (non-signatory "expressly assumed" the benefits of the contract and regularly received fees required to be paid pursuant to contract).  Here, by contrast, the Operating Agreement was not the agreement whereby the limited partnership invested in Thrasio, and Thrasio thus did not benefit directly from it.[3]

Even if Chanaratsopon could identify a pertinent disputed legal question (which he has not), *Boosted* unquestionably could not do so, as it (unlike Chanaratsopon) is not a signatory to the Operating Agreement.  Defendants do not even attempt to identify a basis for Boosted to appeal the denial of its motion to compel arbitration, and cite no authority remotely suggesting that a non-signatory to

---

[3] In addition, *Legacy Wireless* and *World Group* were both decided before *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1229 (9th Cir. 2013), in which the Ninth Circuit clarified that "equitable estoppel of [non-signatory] third parties in this context is narrowly confined."

1    an arbitration provision can enforce that provision against another non-signatory.[4]

2    ### B.    Defendants Will Not Suffer Irreparable Harm

3    The second factor focuses on whether the appellant will suffer irreparable harm

4    if the stay is denied and it is required to continue litigating while the appeal is

5    pending.  The sole premise underlying Defendant's argument on this factor—that a

6    party who is entitled to arbitrate is irreparably harmed if forced to undergo the costs

7    of litigation (Mem. at 7)—has little force where the moving party "was never entitled

8    to arbitrate the claim in the first place."  *Volkswagen Grp. of Am., Inc. v. Saul*

9    *Chevrolet, Inc.*, 2015 WL 5680317, at *4 (C.D. Cal. Sept. 25, 2015).  The irreparable

10   harm factor therefore depends on the Defendants' likelihood of success on the appeal.

11   *Id.*

12   Where, as here, Defendants fail to make a strong showing that they are likely

13   to succeed on the appeal, and rely entirely on anticipated pre-trial litigation expense

14   as the basis for irreparable harm, this factor does not support issuance of a stay.  *See,*

15   *e.g.*, *DeFrees v. Kirkland*, 2012 WL 12885114, at *12 (C.D. Cal. July 20, 2012), *aff'd*

16   *in part and remanded in part on other grounds*, 579 F. App'x 538 (9th Cir. 2014)

17   ("[O]ther district courts have concluded that the addition of some pretrial litigation

18   costs does not constitute irreparable harm."); *Bradberry v. T-Mobile USA, Inc.*, 2007

19   WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("[C]ost[s] of some pretrial litigation

20   does not constitute an irreparable harm.").

21   Defendants cite cases in which the courts determined that anticipated pre-trial

22   expenses justified a stay pending appeal.  [Mem. at 7.]  But most of these were class

23   actions.  *See, e.g.*, *Hansen v. Rock Holdings, Inc.*, 2020 WL 3867652, at *3 (E.D.

24   Cal. Jul. 9, 2020) (TCPA); *Zabarowski*, 2013 WL 1832638, at *2 (FLSA); *Murphy*

25

26   ---
     [4] Even assuming Chanaratsopon has met the "lower threshold" of demonstrating
27   "serious legal issues" raised by his appeal, he is still required to "demonstrate that
     the balance of hardships under the second and third factors tilts sharply in [his] favor"
28   in order for a stay to issue. *Zaborowski*, 2013 WL 1832638, at *2; *accord Morse*,
     2013 WL 123610, at *2 (same).  As explained below, Defendants do not (and cannot)
     establish that the balance of hardships weighs "sharply" toward a stay.

*v. DirecTV, Inc.*, 2008 WL 8608808, at *2 (C.D. Cal. Jul. 1, 2008) (consumer claims); *Stern v. Cingular Wireless Corp.*, 2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006) (FCA and consumer claims). These cases are inapposite, as the "burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration." *Roe v. SFBSC Mgmt., LLC*, 2015 WL 1798926, at *3 (N.D. Cal. Apr. 17, 2015) (citation omitted); *see also Morse*, 2013 WL 123610, at *3 (in case involving potential non-class claims, that "the money and time a party must expend in [pretrial litigation], while burdensome, does not alone constitute irreparable injury").[5]

Finally, even in the unlikely event that Defendants were to prevail on their appeal, the costs incurred in discovery would not be wasted, as this discovery could be leveraged to make the ensuing arbitration even more efficient. *See Vasquez*, 2018 WL 9868570, at *2 (N.D. Cal. Nov. 20, 2018) (noting "there would be minimal additional costs incurred for discovery because the discovery can be used to address the merits if arbitration proceeds").

### C.    Thrasio Will Suffer If This Litigation Is Stayed

The third factor asks the Court to consider whether the non-moving party will suffer harm absent a stay. Although this court need not inquire as to the final two factors, in light of Defendants' failure to satisfy the first two more crucial factors of this test, *see Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996), *as amended* (July 23, 1996), the failure to expeditiously resolve this dispute would result in harm to Thrasio.

It is a bedrock legal principle that cases should proceed efficiently and not be

---

[5] The two non-class action cases Defendants cite are similarly unpersuasive. In *Eberle v. Smith*, 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008), the appellate raised significant factual questions as to which version of the relevant contract was operative (and therefore whether the arbitration agreement contained in a prior version was applicable); there is no such dispute in this case, where all parties agree that Thrasio is not a party to the Operating Agreement. And in *Ali v. JPMorgan Chase Bank*, 2014 WL 12691084, at *2 (N.D. Cal. Mar. 10, 2014), though the court did grant a stay, it also "allow[ed] the parties to participate in a limited amount of discovery," including requests for production of documents.

1   derailed by procedural distractions.  *See Toshiba Tec Corp. v. Katun Corp.*, 2016 WL

2   9137646, at *5 (C.D. Cal. Sept. 21, 2016) (denying stay pending review from

3   separate tribunal where continued litigation would promote "quick[] and efficient[]"

4   resolution).  And Ninth Circuit courts recognize that "delaying a plaintiff's day in

5   court" can constitute "a substantial injury to the plaintiff."  *Bradberry*, 2007 WL

6   2221076, at *4 (N.D. Cal. Aug. 2, 2007); *cf. Cesca Therapeutics Inc. v. SynGen Inc.*,

7   2017 WL 1174062, at *5 (E.D. Cal. Mar. 30, 2017) (holding trade secret plaintiff

8   would suffer injury from stay in part because "Defendants [would] benefit from

9   freely marketing and commercializing Plaintiff's trade secrets during the stay

10   period"); *Gen. Elec. Co. v. Liang*, 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014)

11   (denying stay of discovery in trade secret dispute, as plaintiff has "significant interest

12   in determining whether, as if so to whom, its trade secrets may have been disclosed,"

13   and explaining that "[d]iscovery can be vital" to allow plaintiffs to pursue their

14   entitled relief).

15   ## D.    The Public Interest Does Not Favor Defendants

16        The final factor—public interest—also weighs against Defendants.

17   Defendants invoke the "strong public policy favoring arbitration" (Mem. at 9), but

18   this is irrelevant, as this "strong public policy … does not extend to those who are

19   not parties to an arbitration agreement."  *Jones v. Jacobson*, 195 Cal. App. 4th 1, 17

20   (2011), *as modified* (June 1, 2011); *cf. E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279,

21   294 (2002) (court must "look first to whether the parties agreed to arbitrate a dispute,

22   not to general policy goals, to determine the scope of the agreement").

23        Even if the general policy favoring arbitration were relevant, "[j]ust because a

24   strong federal policy exists favoring arbitration does not mean that all claims must

25   be compelled to arbitration."  *Ferguson v. Corinthian Colleges*, 2012 WL 27622, at

26   *5 (C.D. Cal. Jan. 5, 2012).  The factor carries little weight in a case like this one, as

27   overreliance on public policy "would force the four-factor … test to collapse into a

28   single factor that would always favor staying proceedings pending appeal in the hope

they would be sent to arbitration." *Id.*

Because Defendants have not raised a serious legal question or demonstrated irreparable harm, this Court should default to a more fundamental interest: the expeditious and efficient resolution of claims. *See Toshiba Tec Corp.*, 2016 WL 9137646, at *5 (C.D. Cal. Sept. 21, 2016); Fed. R. Civ. P. 1 (federal rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## II.   Defendants' Unfiled Rule 11 Motion Does Not Warrant A Stay

Defendants contend, in the alternative, that this Court should stay these proceedings to resolve their as-yet unfiled Rule 11 motions. Defendants cite no cases for this novel procedural maneuver, because none exist.

Defendants' proposed motions, which they wave around but have not filed for strategic reasons best known to them, are utterly meritless, and this alternative argument is plainly a last-ditch effort to avoid discovery by any means. If Defendants do choose to file their Rule 11 motions (which would be unfortunate and sanctionable in itself), Thrasio will oppose them vigorously, but in all events there is no basis to stay discovery.

Indeed, Defendants admit (because they must) that Chanaratsopon downloaded the files that Thrasio claims as trade secrets, and do not dispute (because they cannot) that he contemporaneously founded a competing business that unquestionably copies Thrasio's business model. These facts alone easily justify the filing of the claims in these consolidated actions. *See, e.g., Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1048–49 (S.D. Cal. 2017) (plaintiff stated claim for misappropriation of garden hose design, based on allegation that defendant "was not in the business of compact hoses" but surreptitiously developed a near-identical competing product). Thrasio cannot be faulted because it does not yet have the evidence demonstrating forensically precisely *how* Defendants used Thrasio's trade secrets to unfairly compete. That is what discovery is for.

And Defendants' assertion that Thrasio publicly disclosed its trade secrets is simply false.   Thrasio's acknowledgement of the *existence* of its trade secret Processes is not equivalent to disclosure of the trade secret itself and does not negate Thrasio's claims.   *See, e.g.*, *Cedars Sinai Med. Ctr. v. Quest Diagnostic Inc.*, 2018 WL 2558385, at *4-5 (C.D. Cal. Feb. 12, 2018) (disclosure of "some information" about trade secrets did not negate secrecy); *Nextdoor.com, Inc. v. Abhyanker*, 2014 WL 1648473, at *5-6 (N.D. Cal. Apr. 23, 2014) (question of fact whether startup's conducting of testing in a given neighborhood negated trade secrecy protection over the selection of that testing location).

Defendants should answer the complaint,[6] and the case should proceed to discovery.

---

[6] Following the denial of the motion to compel arbitration on May 26, 2021, Defendants were obligated to serve their answers by no later than June 9, 2021.  *See* Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.").  Defendants defaulted on this obligation, waited two days, and then filed the instant motion for stay pending appeal.  As such, their answers are past due and should be served without further delay.

**CONCLUSION**

For the foregoing reasons, this Court should deny Defendants' motion to stay pending appeal.

Dated: June 22, 2021                     COOLEY LLP


                                         By: */s/ Philip M. Bowman*
                                         _____

                                         Randall R. Lee
                                         randall.lee@cooley.com
                                         1333 2nd Street, Suite 400
                                         Santa Monica, CA 90401-4100
                                         Tel. (310) 883-6485
                                         Fax. (310) 883-6500

                                         Philip M. Bowman, *pro hac vice*
                                         pbowman@cooley.com
                                         Nicholas A. Flath, *pro hac vice*
                                         nflath@cooley.com
                                         55 Hudson Yards
                                         New York, NY 10001
                                         Tel. (212) 479-6000
                                         Fax. (212) 479-6275

                                         *Attorneys for Plaintiff Thrasio, LLC*