COOLEY LLP
Randall R. Lee (CA Bar #152672)
randall.lee@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Tel. (310) 883-6485
Fax. (310) 883-6500

Philip M. Bowman, *pro hac vice*
pbowman@cooley.com
Nicholas A. Flath, *pro hac vice*
nflath@cooley.com
55 Hudson Yards
New York, NY 10001
Tel. (212) 479-6000
Fax. (212) 479-6275

Counsel for Plaintiff Thrasio, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRASIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOOSTED COMMERCE, INC., BOOSTED ECOMMERCE, INC., and CHARLES CHANARATSOPON,<br><br>Defendants. | Case No. 2:21-CV-1337 (CBM) (SK)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Date: November 9, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8B, 8th Floor<br>Judge: Hon. Consuelo B. Marshall<br><br>Action Filed: February 21, 2021<br>Trial Date: None set |

# PRELIMINARY STATEMENT

After losing a motion to compel arbitration and a motion to stay discovery, Defendants filed this motion to dismiss in furtherance of their ongoing campaign to avoid discovery into allegations that they misappropriated Thrasio's trade secrets. The motion is procedurally improper and substantively meritless and should be denied.

The motion is procedurally improper because a party is permitted to make only *one* motion under Rule 12(b) of the Federal Rules of Civil Procedure, and Defendants' failed motion to compel arbitration is deemed such a motion in the Ninth Circuit.

To the extent the Court elects to consider the motion, it should be denied. Defendants first argue that the complaints should be dismissed because they fail to allege "actual misappropriation." Other than a throw-away cite to *Bell Atlantic v. Twombly*, Defendants offer no support for this argument. Their argument, in essence, is that the complaint should be dismissed because it lacks **direct evidence** of the illegal transfer of the trade secrets from Chanaratsopon to Boosted and of Boosted's misuse of the trade secrets.

That is not the test for the adequacy of pleading. To the contrary, as numerous cases make clear, a complaint adequately pleads a claim for misappropriation of trade secrets when it includes facts and circumstantial evidence that plausibly allege misuse. Here, the complaint alleges (and Defendants notably do not dispute) that Chanaratsopon downloaded Thrasio's trade secrets from a dataroom after repeatedly acknowledging his obligation to keep this material confidential. At the same time, he secretly founded Boosted Commerce ("Boosted"), a copycat business, despite having no prior experience in the relevant industry. Boosted was able to scale its operations and secure nearly ninety million dollars in funding just *ten months* after its founding. The inference that Boosted and Chanaratsopon misused Thrasio's trade secrets to jump start their competing business is more than plausible. The Complaint

therefore sufficiently alleges claims under DTSA, CUTSA, and TUTSA.

Defendants separately argue that Thrasio's Texas common-law claim against Chanaratsopon (a Texas resident) for misappropriation of confidential information is preempted by TUTSA. But TUTSA only preempts claims to the extent they rely on misappropriation of "trade secrets," and numerous courts have recognized that Texas common law provides a remedy for misappropriation of information that is *not* entitled to trade secret protection. At this stage, Thrasio may properly proceed on alternative theories of relief, including that Chanaratsopon is liable for misusing proprietary information, even if that information does not qualify as trade secrets.

Defendants' latest gambit should not be countenanced, and their procedurally improper and substantively meritless motion should be denied.

## BACKGROUND

The Complaints[1] allege that Chanaratsopon began accessing Thrasio's trade secret information through a dataroom maintained by an investment firm (the "Dataroom") in March 2019, and bulk-downloaded this information multiple times until his last access to the Dataroom in July 2020. [ECF No. 1 ("Compl."), ¶¶ 54-57, 62.] Prior to his first access to the Dataroom, Chanaratsopon signed an NDA in which he committed to keep the Thrasio material secret and use it only to evaluate Thrasio as a potential investment. [*Id.* ¶ 54]. In addition to the original NDA, Chanaratsopon acknowledged the confidentiality of the Dataroom contents on sixteen other occasions, including through the operating agreements to three special purpose investment vehicles, and through notices which he clicked through every time he accessed the Dataroom beginning in late 2019. [*Id.* ¶¶ 58-60.]

The Complaints further allege that in December 2019, despite having no prior

---

[1] Thrasio initially sued Chanaratsopon in the Southern District of Texas (C.D. Cal. Case No. 21-cv-02422, the "Chanaratsopon Action"). After the parties agreed to transfer the Chanaratsopon Action to this Court, the parties jointly agreed to consolidate the actions, which the Court granted on April 27, 2021. [ECF No. 35.] Except where otherwise noted, citations to the docket and the Complaint refer to the docket and Complaint filed in Case No. 21-cv-01337 (the "Boosted Action").

experience in the business of acquiring Amazon merchants, Chanaratsopon incorporated Boosted, a direct competitor to Thrasio, which mimics Thrasio's business model. [*Id.* ¶¶ 52, 63-66.] Boosted continued to scale its operations throughout 2020. [*Id.* ¶ 69.] In addition to hiring employees, Boosted launched a website containing marketing claims which mirror similar claims made on Thrasio's website. [*Id.* ¶ 66.]

Meanwhile, Chanaratsopon continued to access the Dataroom and download and review Thrasio's secret information, while also serving as an officer of Boosted. [*Id.* ¶¶ 60, 67.] Chanaratsopon's last investment in Thrasio occurred in or around June 2020. [*Id.* ¶ 56.] Chanaratsopon continued to access the Dataroom thereafter, including on July 9 and July 10, 2020. [*Id.* ¶ 60.] All told, Chanaratsopon downloaded a total of 1,700 Thrasio files from the Dataroom, and bulk-downloaded many of these files multiple times. [*Id.* ¶ 62.]

In September 2020, just ten months after its founding, Boosted completed its Series A funding round. [*Id.* ¶ 69.]

In light of Chanaratsopon's repeated access to Thrasio's trade secrets, the suspicious timing of Boosted's incorporation, and Boosted's rapid growth (despite Chanaratsopon's lack of experience in the relevant market), Thrasio sued Boosted and Chanaratsopon in February 2020.

On March 29, 2021, Defendants filed motions to compel arbitration in both the Boosted and Chanaratsopon Actions; the Court denied those motions on May 26, 2021. [ECF No. 39.] On June 11, 2021, Defendants filed a motion to stay the case pending appeal; the Court denied that motion on October 5. [ECF No. 55.] Defendants have not, as yet, answered the Complaints.

Defendants filed a joint motion to dismiss both complaints on October 6, 2021. [ECF No. 57.]

# ARGUMENT

## I. THIS IS AN IMPROPER SECOND RULE 12(B) MOTION

Defendants' motion to dismiss should be denied for a threshold reason: it is their second Rule 12(b) motion and therefore procedurally improper.

Defendants filed a motion to compel arbitration on March 29, 2021. [ECF No. 27.] Federal courts in the Ninth Circuit regularly recognize that, although they are not within the enumerated list of motions in Rule 12(b), motions to compel arbitration are properly treated as preliminary motions to dismiss for lack of subject matter jurisdiction or venue. *See, e.g.*, *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (analyzing motion to compel arbitration as motion to dismiss for improper venue); *De Salles v. Cook*, 2016 WL 9113995, at *4 (C.D. Cal. May 12, 2016) ("While Rule 12(b) does not expressly contemplate motions to compel arbitration, courts generally treat such motions as preliminary motions rather than responsive pleadings.").

Fed. R. Civ. 12 also makes clear that parties that "make[] a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Because Defendants could have moved to dismiss for failure to state a claim when they filed their motion to compel arbitration, they cannot make another Rule 12 motion.[2]

The present motion to dismiss, then, is functionally a second Rule 12 motion. It is therefore procedurally improper under Rule 12(g)(2) and must be denied.

## II. THRASIO HAS ADEQUATELY ALLEGED MISAPPROPRIATION

Thrasio pleads causes of action under DTSA, CUTSA, and TUTSA.[3]

---

[2] Under Rule 12(h)(2), Defendants are permitted to assert a Rule 12(b)(6) defense as part of a motion for judgment on the pleadings, or in their answer, but cannot make a second Rule 12(b) motion. *See* Fed. R. Civ. P. 12(h)(2).

[3] Thrasio pleads claims under the DTSA and CUTSA against Boosted. [Compl. ¶¶ 71-92.] Thrasio pleads claims under the DTSA and TUTSA against Chanaratsopon. [Chanaratsopon Action, ECF No. 1, ¶¶ 73-95.] Because the standards for pleading

Misappropriation—that is, misuse of trade secrets—is an element of each of these claims. *See, e.g., Cherokee Chem. Co. v. Frazier*, 2020 WL 8410432, at *5-6 (C.D. Cal. Dec. 14, 2020) (explaining plaintiff must allege that "defendant acquired, disclosed, or used the plaintiff's trade secret through improper means" and holding complaint stated claim for misappropriation); *Penthol LLC v. Vertex Energy Operating, LLC*, 2021 WL 3571243, at *5 (S.D. Tex. Aug. 12, 2021) (noting DTSA and TUTSA require allegations of misappropriation and holding allegations regarding improper use of "legally-obtained trade secret" in competing business was sufficient to allege defendant's misappropriation). A plaintiff can plead this element either by alleging that the defendant "acquired the trade secrets . . . by improper means," or disclosed or used the trade secrets "acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret." *See* 18 U.S.C.A. § 1839(5); *see also* Cal. Civ. Code § 3426.1(b); Tex. Civ. Prac. & Rem. Code §§ 134A.002(3).

    The court must take the well-pled facts in the Complaints as true, and "construe them in the light most favorable to plaintiffs." *OSU Student All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012). The complaint need only allege facts supporting a "plausible" claim, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that it must contain sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff may rely on circumstantial evidence to allege the element of misappropriation, and there is "no requirement" for plaintiff to "plead exactly how Defendants improperly obtained [or used] the alleged trade secret." *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015) (alteration in original) (citations omitted); *see also UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 617 F. Supp. 2d 938, 944 (N.D. Cal. 2007) (plaintiffs can rely on "circumstantial" evidence).

---

misappropriation are similar under all three statutes, Thrasio has consolidated its arguments with support from both California and Texas federal courts.

Thrasio's Complaint alleges facts which, if proved, would establish misappropriation by both Boosted and Chanaratsopon. Rule 12 requires nothing more. Here, the complaints allege that Chanaratsopon accessed Thrasio's trade secrets through the Dataroom. [Compl. ¶¶ 54-57.] Chanaratsopon agreed, on more than a dozen occasions, to use such information "solely … to make [an] evaluation of the company." [*See, e.g., id.* ¶ 49.] Chanaratsopon bulk downloaded these trade secrets numerous times, at the same time as he was founding and later expanding Boosted, a copycat company, and he continued to access the Dataroom even *after* he had made his last investment in Thrasio. [*Id.* ¶¶ 60-69.] And, despite Chanaratsopon's inexperience and unfamiliarity with the Amazon third-party seller market, under his leadership, Boosted scaled its operations and raised nearly ninety million dollars in Series A funding just ten months after inception. [*Id.* ¶¶ 64-69.] In the process, Boosted made marketing claims nearly identical to Thrasio's own claims. [*Id.* ¶ 66.]

These allegations (which must be assumed true on a motion to dismiss) suffice to plead claims under the DTSA, CUTSA, and TUTSA, as ample caselaw makes clear. *See, e.g., Applied Biological Lab'ys, Inc. v. Diomics Corp.*, 2021 WL 4060531, at *4–5 (S.D. Cal. Sept. 7, 2021) (defendant had access to trade secrets through business relationship with plaintiff, and joined business which immediately began developing the same product despite having no prior experience in field); *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1048–49 (S.D. Cal. 2017) (Delaware law) (defendant "was not in the business of compact hoses" but developed a near-identical competing product); *Cherokee Chem. Co.*, 2020 WL 8410432, at *5 (defendant allegedly used plaintiff's trade secrets to establish relationship with competitor, leading to "reasonable inference that, in order to perpetrate the scheme" trade secrets must have been revealed); *Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, 2020 WL 2487057, at *5-6 (N.D. Tex. Feb. 7, 2020), *report and recommendation adopted*, 2020 WL 1428941 (N.D. Tex. Mar. 24, 2020)

(defendant improperly "accessed, copied, and shared" trade secrets, and "used that information in the development" of competing software business).

*Applied Biological* is particularly instructive, and the similarity of its allegations to those here are striking: the *Applied Biological* plaintiff developed a proprietary antiviral nasal spray, and (as here) shared trade secrets regarding the spray with a private investment company through a confidential dataroom under an NDA. *Applied Biological Lab'ys, Inc.*, 2021 WL 4060531, at *2. One defendant—a principal at the investment company—later joined a competitor, which almost immediately began developing a similar nasal spray, just as Chanaratsopon did with Boosted here. *Id.* at *3. Neither the individual defendant nor the competitor (also a named defendant) had prior experience in developing sprays. *Id.* The court denied defendants' motion to dismiss the DTSA and CUTSA claims, explaining that the circumstances—defendant's access to the trade secrets, his transition to a competitor, and the competitor's quick transition into the field covered by the trade secrets—sufficed to permit an inference of misappropriation. *Id.* at *4-5.

Citing no cases, Defendants contend that, because Chanaratsopon was permitted to access the Dataroom for limited purposes, the Complaint must allege additional facts to raise an inference of misappropriation. [ECF No. 57 ("Mot."), at 10-11.] But to plead a claim for misappropriation, Thrasio need not allege that Chanaratsopon acquired the trade secrets improperly—only that he exceeded his permitted uses. *See, e.g.*, *Lifesize, Inc. v. Chimene*, 2017 WL 1532609, at *9 (W.D. Tex. Apr. 26, 2017) (plaintiff need only show that the defendant used information "in violation of" a duty of confidence). Here, the complaints allege that Chanaratsopon exceeded his permitted access by using the trade secrets to found Boosted and continuing to access them while he managed Boosted (including after his last investment in Thrasio), and that Boosted misused them by deploying them to compete with Thrasio. [Compl. ¶¶ 76, 85-88; Chanaratsopon Action, ECF No. 1 ¶¶ 78, 87-90.] Defendants' contention that Thrasio must "prove" misappropriation is

misplaced. [Mot. at 9] (citing *Hill Phoenix, Inc. v. Classic Refrigeration SoCal, Inc.*, 2020 WL 1244354, at *3 (C.D. Cal. Mar. 13, 2020)). In fact, *Hill Phoenix* addressed a motion for summary judgment, and thus is irrelevant. Tellingly, Defendants cite no cases other than *Hill Phoenix* and *Twombly* in support of this argument.

Defendants object to Thrasio alleging misuse "on information and belief." [Mot. at 11.] But, at this early stage, Thrasio cannot know the full extent of Defendants' tortious conduct—Thrasio can only infer misuse from the facts available to it: that Chanaratsopon repeatedly bulk-downloaded its trade secret information from the Dataroom, while founding and managing a competing business. These allegations suffice to allege misuse here, just as they did in *Applied Biological*. See 2021 WL 4060531, at *5 (explaining for a complaint to allege facts affirmatively establishing misuse "would be unusual, if not unattainable"); *Autodesk, Inc.*, 2015 WL 2265479, at *6 (noting that it "would be unreasonable to require a plaintiff to demonstrate the precise ways in which Defendants may have used [their] trade secrets, given that Defendants are the only ones who possess such information") (alteration in original) (citation omitted).

Thrasio has therefore sufficiently pled misappropriation under the DTSA, CUSTA, and TUTSA, and Defendants' motion to dismiss should be denied.

## III. THE TUTSA DOES NOT PREEMPT THRASIO'S TEXAS COMMON-LAW MISAPPROPRIATION CLAIM

Thrasio alleges that Chanaratsopon resides in Texas and has pled claims against Chanaratsopon under Texas law, including a claim for common-law misappropriation of confidential information. [Chanaratsopon Action, ECF No. 1, ¶¶ 96-102.]

Defendants contend that Thrasio's Texas common-law misappropriation claim is preempted by TUTSA, citing [Mot. at 11] the portion of the statute which provides that it "displaces conflicting tort … law of this state providing civil remedies for misappropriation of a trade secret." Tex. Civ. Prac. & Rem. Code § 134A.007(a).

But the very next portion of the statute explains that it does ***not*** "affect … other civil remedies that are not based upon misappropriation of a trade secret." Tex. Civ. Prac. & Rem. Code § 134A.007(b)(2). Thus, a common-law claim for misappropriation of confidential information which does *not* rise to the level of a trade secret is not preempted by the TUTSA. Multiple Texas federal courts have confirmed this reading of TUTSA. *See AMID, Inc. v. Medic Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 827 (S.D. Tex. 2017) (allowing common-law claim and reasoning the plaintiff "essentially pleaded alternative theories of relief," one based on trade secret misappropriation and "alternatively under the theory that the misappropriated information was not a trade secret but was confidential"); *DHI Grp., Inc. v. Kent*, 397 F. Supp. 3d 904, 923 (S.D. Tex. 2019) ("The court fails to see how the plain language of the TUTSA's preemption provision can be read to preempt civil remedies for the misappropriation of information that is not a trade secret."). The statutory text is clear in limiting its preemptive effect to claims based upon misappropriation of "trade secrets"—not those based on misappropriation of other proprietary information.

Here, Thrasio's common-law claim is *not* "identical in scope and substance to its TUTSA cause of action," as it clearly focuses on *confidential information* misappropriated by the Defendants. Although Thrasio has sufficiently pled the existence of trade secrets in the form of its Standard Integration and Diligence Processes—a fact that Defendants do not dispute in this motion—Thrasio's common-law claim seeks relief for Defendants' misappropriation of Thrasio's information *to the extent* that information was confidential, but not trade secrets. [*See* Chanaratsopon Action, ECF 1, ¶ 97 (alleging misuse of Thrasio's "proprietary and confidential information").] Much like the plaintiff in *AMID, Inc.*, Thrasio has "essentially pleaded alternative theories of relief." *AMID, Inc.*, 241 F. Supp. 3d at 827.

Because Thrasio's common-law claim is predicated on Defendants'

misappropriation of Thrasio's confidential information, rather than trade secret information, the claim is not preempted by the TUTSA. Defendants' motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion to dismiss.

Dated: October 19, 2021                    COOLEY LLP


By: */s/ Philip M. Bowman*

Randall R. Lee
randall.lee@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Tel. (310) 883-6485
Fax. (310) 883-6500

Philip M. Bowman, *pro hac vice*
pbowman@cooley.com
Nicholas A. Flath, *pro hac vice*
nflath@cooley.com
55 Hudson Yards
New York, NY 10001
Tel. (212) 479-6000
Fax. (212) 479-6275

*Attorneys for Plaintiff Thrasio, LLC*