**FILED**

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THRASIO, LLC, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BOOSTED COMMERCE, INC.; BOOSTED ECOMMERCE, INC., <br><br> Defendants-Appellants, <br><br> and <br><br> CHARLES CHANARATSOPON, <br><br> Defendant. | No. 21-55621 <br><br> D.C. Nos. <br> 2:21-cv-01337-CBM-SK <br> 2:21-cv-02422-CBM-SK <br><br><br> MEMORANDUM* |
| THRASIO, LLC, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CHARLES CHANARATSOPON, <br><br> Defendant-Appellant, | No. 21-55622 <br><br> D.C. Nos. <br> 2:21-cv-01337-CBM-SK <br> 2:21-cv-02422-CBM-SK |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

BOOSTED COMMERCE, INC.;
BOOSTED ECOMMERCE, INC.,

Defendants.

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted March 11, 2022
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Defendants Boosted Commerce, Inc., Boosted Ecommerce, Inc., (collectively "Boosted") and Charles Chanaratsopon appeal from the district court's order denying their motion to compel arbitration of Thrasio, LLC's ("Thrasio") trade secret misappropriation, common law misappropriation, and unfair competition claims. We have jurisdiction pursuant to 9 U.S.C. § 16. Because the parties are familiar with the facts of this case, we need not recount them here.

This case is controlled by California law. *In re Henson*, 869 F.3d 1052, 1059 (9th Cir. 2017). Applying California law, the question in this case is whether Thrasio can be compelled to arbitrate its claims on equitable grounds, even though it has not agreed to arbitrate its claims against Chanaratsopon or Boosted.

Under California law, a nonsignatory to an arbitration agreement may be compelled to arbitrate under two circumstances: (i) if its claims are "dependent, on or inextricably intertwined" with the underlying contractual obligations of the agreement containing the arbitration clause, or (ii) if it receives a "direct benefit" from the contract containing the arbitration clause. *Pillar Project AG v. Payward Ventures, Inc.*, 279 Cal. Rptr. 3d 117, 123–24 (Cal. Ct. App. 2021) (citations omitted).

Thrasio's claims are not inextricably intertwined with the Operating Agreement between Chanaratsopon and Upper90. Equitable estoppel does not apply when the plaintiff "would have a claim independent of the existence of the" agreement containing an arbitration clause. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1131 (9th Cir. 2013) (*Goldman v. KPMG, LLP*, 92 Cal. Rptr. 3d 534, 537 (Cal. Ct. App. 2009)). Although Thrasio references the Operating Agreement, its claims are not dependent upon the operating agreement.

The record also reflects that any benefits received by Thrasio from the Operating Agreement were too remote or indirect to trigger the application of equitable estoppel under the "direct benefit" theory. *See Pillar*, 279 Cal. Rptr. 3d at 124.

**AFFIRMED.**