UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRASIO, LLC,<br><br>　　　　　Plaintiff,<br>v.<br><br>BOOSTED COMMERCE INC, et al,<br><br>　　　　　Defendants. | Case No.: 21-cv-01337-CBM-SK<br><br>**ORDER RE: MOTION FOR RULE 11 SANCTIONS** |

The matter before the Court is Defendants Boosted Commerce Inc. and Charles Chanaratsopon's (collectively, "Defendants") Motion for Sanctions under Federal Rule of Procedure 11.[1] (Dkt. No. 56.)

## I.　BACKGROUND

Thrasio filed the two underlying Complaints against Defendants on February 12, 2021. On March 18, 2021, Defendants' counsel sent Thrasio's counsel a letter identifying purported issues with the Complaints and inviting them to meet and confer "in advance of a Rule 11 Motion." (Ex. C. to Michelman Decl. – Dkt. No. 56-1 at 58–64.) Thrasio's counsel refused to withdraw or modify the

---

[1] There are two consolidated cases: *Thrasio LLC v. Boosted Commerce Inc. et al*, Case No. 21-cv-01337 and *Thrasio LLC v. Charles Chanaratsopon*, Case No. 21-cv-02422. Pursuant to the Court's Order (Dkt. No. 35), all papers filed in the consolidated action will be maintained on file in Case No. 21-cv-01337. Nevertheless, Defendants filed identical Motions — and the parties briefed them — in both cases. This Order disposes of both Motions.

1

Complaints, and Defendants filed the Motions for Sanctions.

## II. STATEMENT OF THE LAW

Federal Rule of Civil Procedure 11 provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ..

Fed. R. Civ. P. 11(b).

"A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated, and "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. Proc. 11(c)(4).

Rule 11 sanctions are generally reserved for "the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Moreover, "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously," because "[f]orceful representation often requires that an attorney . . . read a case or an agreement in an innovative though sensible way,"

and "[t]he simple fact that an attorney's legal theory failed to persuade the district court does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law." *Id.*

### III. DISCUSSION

#### 1. Motion for Sanctions

Defendants move for Rule 11 sanctions against Thrasio on the ground that it "fil[ed] a complaint against [Defendants] that is factually baseless, that was filed without a reasonable and competent inquiry . . ., and that was filed for an improper purpose—namely to harm a rising competitor." (Mot. – Dkt. No. 56 at 6.)

The Court denies the Motion for two reasons.

First, the Court previously denied Defendants' Motion to Dismiss (Mot. – Dkt. No. 57) and found that Plaintiffs' claims were plausible and sufficiently pleaded. (Order – Dkt. No. 70.) Thus, this is not a "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation." *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344.

Second, the Court finds that there is no evidence that Thrasio commenced the lawsuits for an improper purpose.

Accordingly, the Court denies Defendants' Motion for Sanctions.

#### 2. Attorney's Fees

Both parties request an award of attorney's fees for the fees incurred preparing the briefing for this motion. "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. Proc. 11(c)(2).

Because the Court denies the Motion, the Court finds that Thrasio is the prevailing party and is thus entitled to attorney's fees. To recover attorney's fees, Thrasio must file a separate motion for attorney's fees.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion for Rule 11 Sanctions.

**IT IS SO ORDERED.**

DATED: 4/22/2022

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

4